STATE *v.* JOHN HUBANKS, ET AL.

[59 South. 803.]

FALSE PRETENSES. *Indictment.　Sufficiency.　Demurrer.*

Where the charges in the indictment are conflicting and it is impossible to conjecture what the state intended to prove under its allegations a demurrer to the indictment should be sustained.

APPEAL from the circuit court of Sunflower county.
HON. MONROE MCCLURE, Judge.

John Hubanks, and others, were indicted for obtaining money under false pretenses. From a judgment sustaining a demurrer to the indictment, the state appeals.
The facts are fully stated in the opinion of the court.

*Frank Johnston,* assistant attorney-general, for state.

*D. M. Quinn,* for appellee.

COOK, J., delivered the opinion of the court.

The indictment in this case, reduced to ordinary terms, alleges that the International Order of Twelve Knights and Daughters of Tabor is a corporation, and as such issued an insurance policy binding itself to pay to Isaac Cook and Emanuel Potts, the beneficiaries named therein, the sum of three hundred dollars upon the death of Piley Cook; that the defendants, John Hubanks, Hattie

Clark, and J. U. Walker, devising, designing, and intending to cheat and defraud the aforesaid insurance company, falsely represented to the company that the policy aforesaid was the property of Hubanks, and that Hubanks was the beneficiary named in the policy, and by virtue of a false token in writing, called the proof of death, the defendants falsely and feloniously pretended to the company that Piley Cook was dead, and that the said three hundred dollars was due and payable to said Hubanks "by reason of the terms of the said policy, and of the said proof of loss, and of the death of said Piley Cook," and that by means of such false pretenses, the defendants fraudulently and feloniously obtained from said company three hundred dollars. It is further alleged that the representations were false, and known to be false by the defendant when made. The defendant demurred to this indictmnt upon thirty different grounds, which embraced every imaginable point which might be made to call in question the validity of the indictment. The grounds of demurrer are multudinous, if not multipotent, and, in the nature of things, the point controlling this decision is necessarily reserved by the resourceful pleader.

It will be noted the indictment seems to charge that Emanuel Potts and Isaac Cook are the beneficiaries written in the policy, and that the defendants falsely represented that the defendant Hubanks was the beneficiary in the policy. Following this allegation it is alleged that the defendants, by virtue of a false token in writing, called a proof of death, falsely represented to the said corporation that the said Piley Cook was dead, and the said sum of three hundred dollars was due and payable by the said corporation to the said Hubanks *by reason of the terms of the said policy.* It is impossible to conceive how Hubanks could be the beneficiary by the terms of the policy, while at the same time Isaac Cook and Emanuel Potts were in the policy as the beneficiaries

thereof. It is impossible to say what the pleader in-
tended to prove. It may be that he intended to say that,
while Isaac Cook and Emanuel Potts were the original
beneficiaries named in the policy, by this false token of
writing the defendants represented that the beneficiaries
had assigned their interest in the policy to Hubanks, but
there is no such allegation in the indictment.

The indictment alleges too much, or not enough, and,
taken as a whole, it does not inform defendants what
they are called upon to defend. If the pleader intended
to allege that the written proof of death, or proof of
loss, falsely represented that the original beneficiaries
named in the policy had assigned the policy to Hubanks,
the language employed would not justify the proof of
this state of facts. If it was the purpose of the state to
rely upon the false statements of the death of the as-
sured, the pleader said too much, because the indictment
as written manifestly charges that this false pretense
alone was not the cause which induced the insurance com-
pany to pay the money. It is impossible to conjecture
what the state intends to prove under the allegations of
this indictment.

*Affirmed.*